UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

TIMOTHY WILLIAM EDGAR,

                        Plaintiff,

-v-                                                                                                Case No.  5:15-cv-621-Oc-10PRL

JASON HUNT, et. al.,

                        Defendants.

## **REPORT AND RECOMMENDATION**[1]

      This case is before the Court on a limited remand from the Eleventh Circuit Court of Appeals to address Plaintiff's Motion to Reopen the Appeal Period pursuant to Rule 4(a)(6) of the Federal Rules of Appellate Procedure.[2]  By Order dated August 15, 2017, the District Court referred the matter to me to conduct any and all proceedings I deem necessary and appropriate for the issuance of a Report and Recommendation responsive to the direction of the Court of Appeals.  (Doc. 27).  For the reasons stated in this Order, I recommend that the Court grant Plaintiff's Motion to Reopen the Appeal Period.

## **Background**

      Plaintiff, a federal inmate proceeding *pro se* and as a pauper, initiated this case by filing a Civil Rights Complaint.  On February 2, 2017, the Court directed Plaintiff to show cause why this case should not be dismissed for failure to prosecute.  (Doc. 20).  The Court warned the Plaintiff that the failure to

---

[1] Within 14 days after being served with a copy of the recommended disposition, a party may file written objections to the Report and Recommendation's factual findings and legal conclusions.  See Fed. R. Civ. P. 72(b)(3); Fed. R. Crim. P. 59(b)(2); 28 U.S.C. § 636(b)(1)(B); Local Rule 6.02.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.  See 11th Cir. R. 3-1.

[2] The Eleventh Circuit Court of Appeals construed Plaintiff's Notice of Appeal as a Motion to Reopen the Appeal Period.  (Doc. 26).

respond would result in the dismissal of the case without further notice. Id. Plaintiff did not respond and the Order to Show Cause was not returned as undeliverable.[3] Accordingly, by Order dated February 28, 2017, the Court dismissed the case without prejudice. (Doc. 21). Judgment was entered on the same date. (Doc. 22).

This time, the docket reflects that on March 15, 2017, the Order of Dismissal and the Judgment (Docs. 21, 22) were returned as undeliverable. Plaintiff subsequently filed an untimely Notice of Appeal, which provides that he did not have access to the law library, stamps or an envelope, and was not permitted access to his money throughout the sixty (60) days leading up to his release. (Doc. 24). Plaintiff asserts that he was released from Department of Corrections' custody on February 7, 2017, which was "five days after last correspondence with the courts." Id. Plaintiff states that upon release he was homeless and could not find an attorney to assist with his case. Id. Plaintiff maintains that Defendants violated his Constitutional rights and inquires as to how he can respond to Defendants' Motion to Dismiss and the Court's Order to Show Cause. Id.

## Discussion

The Court of Appeals states that because Plaintiff "may not have received the formal notice of the February 28, 2017 order and judgment within the 21 days of its entry, [the Court of Appeals] construe[s] his untimely Notice of Appeal as a Motion to Reopen the Appeal Period under Fed.R.App. 4(a)(6)." (Doc. 26; citing Sanders v. United States, 113 F.3d 184, 187 (11th Cir. 1997)).

Rule 4(A)(6) of the Federal Rules of Appellate Procedure provides:

The district court may reopen the time to file an appeal for a period of 14 days after the date when its order to reopen is entered, but only if all the following conditions are satisfied:

(A) the court finds that the moving party did not receive notice under Federal Rule of Civil Procedure 77(d) of the entry of the judgment or order sought to be appealed within 21

---

[3] The record reflects that the Order to Show Cause was sent to Plaintiff's last reported address.

    days after entry;

(B) the motion is filed within 180 days after the judgment or order is entered or within 14 days after the moving party receives notice under Federal Rule of Civil Procedure 77(d) of the entry, whichever is earlier; and

(C) the court finds that no party would be prejudiced.

The Court notes that according to the <u>Sanders</u> decision, Rule 4(a)(6) has "more liberal provisions for extension of time," which "suggests that notices of appeal filed late because the appellant did not receive notice of the judgment should be treated differently (and more favorably) than those filed late for other reasons (i.e., those governed by Rule 4(a)(5)'s excusable neglect standard).". 113 F.3d at 187.

Here, I find that reopening the appeal period is appropriate in this case. Specifically, the docket reflects that the Order of Dismissal and Judgment were returned to the Court as undeliverable on March 15, 2017, and therefore, Plaintiff did not receive the documents within the 21 day period. It was not until June 21, 2017, that the Clerk resent the judgment and order to Plaintiff upon his request for a status update on the case. On June 29, 2017, Plaintiff filed his Notice of Appeal/Motion, which was well within the 180 day period and within 14 days of when he actually received notice of the order and judgment. (Doc. 24).[4] Finally, I find that no party will be unfairly prejudiced by reopening the time for Plaintiff to file his appeal.

## Conclusion

I recommend that Plaintiff's Motion to Reopen the Appeal Period (Doc. 24) is granted, and that the Court finds that Plaintiff's notice of appeal was timely filed.

IT IS SO ORDERED.

---

[4] The docket reflects that the Notice of Appeal was filed on July 3, 2017. (Doc. 24). However, the Court of Appeals determined that the Notice/Motion was filed on June 29, 2017 because Plaintiff was incarcerated at the Marion County Jail at the time of the filing. Accordingly, Plaintiff received the benefit of the "mailbox rule." <u>See</u> Doc. 24, citing Fed.R.App. P. 4(a)(1)(A) & (c)(1).

DONE and ORDERED at Ocala, Florida this 14th day of September, 2017.

PHILIP R. LAMMENS
United States Magistrate Judge

Copies to:   Timothy William Edgar
             Counsel of Record